# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2553 | **DATE** | September 26, 2011 |
| **CASE TITLE** | Aaron Stewart, Jr. (A-71724) v. Randy Pfister, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion and amended motion to vacate the court's 6/23/11 order dismissing this case [13], [14] are denied. Plaintiff has shown no error with the order. Fed. R. Civ. P. 59(e). The clerk is directed to return to Plaintiff the $350 he submitted as the filing fee, which was received after the case had been dismissed. This case remains closed.

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

Plaintiff, Aaron Stewart, Jr. (A-71724), an inmate at the Stateville Correctional Center, initiated this suit April 2011. On May 5, 2011, the court noted that Plaintiff had received three strikes under 28 U.S.C. § 1915(g), and thus had to either demonstrate imminent danger of serious physical injury or pay the $350 filing fee to proceed with this case. The court also noted that, although tampering with an inmate's mail may state a claim, Plaintiff's assertions that prison officers must have interfered with his mail to the FBI and President Obama because he never heard a response, seemed too far-fetched to state a plausible claim for relief. Plaintiff was given until May 26, 2011, to resolve the filing fee issue. On May 17, 2011, the court received Plaintiff's motion for a status, which was construed as seeking information about this case. On May 23, 2011, the court granted the motion, provided information to Plaintiff as to his need to satisfy the filing fee requirement, and extended the deadline to comply to June 6, 2011. Both the May 5, 2011, and May 23, 2011, orders warned that failure to comply would result in dismissal. On June 6, 2011, Plaintiff filed a motion seeking to have this case referred to another judge of this court; however, he filed nothing to resolve the filing fee. On June 23, 2011, the court noted Plaintiff's failure to comply with the court's order and failure to pay the filing fee and dismissed this case. On July 5, 2011, the court received $350 as payment of the filing fee and, several days later, received Plaintiff's motion to vacate its June 23, 2011, dismissal order. Plaintiff refiled the same motion to vacate in August 2011.

Because the initial motion to vacate was filed within 28 days of the dismissal order, the court construes it as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Rule 59(e) allows a court to alter or amend a judgment only if the plaintiff can demonstrate a manifest error of law or present newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). As set out above, there was no manifest error with the dismissal of this case. The court twice directed Plaintiff to satisfy the filing fee requirement, and twice warned him that his failure to do so would result in dismissal of this case. *See Lewis v. School Dist. #?70*, 648 F.3d 484, 488-89 (7th Cir. 2011) (dismissal of suit based upon a plaintiff's failure to heed the court's warning of dismissal if a plaintiff did not comply with court orders was not an abuse of discretion). Plaintiff submitted nothing prior to June 6, 2011, to resolve the filing fee. His motion to vacate includes his request that $350 be released from his prison account to the clerk's office. That request is dated June 19, 2011, two weeks after payment was due. Rather than stating anything about resolving the filing fee issue when he was supposed to, he instead sought recusal and a transfer of his case to another judge.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

     Although courts should allow *pro se* inmates to cure deficiencies with their complaints, *see Arnett v. Webster*, __ F.3d __, 2011 WL 4014343, *11 (7th Cir. 2011), which this court usually does, such an allowance does not excuse Plaintiff's failure to resolve the filing fee issue in accordance with the court's orders. Plaintiff having shown no error with the dismissal, the court denies his motions to vacate. This case remains dismissed. The court notes that its dismissal was without prejudice, leaving open the door for a new suit involving Plaintiff's claims. Given the dates stated in his complaint, any limitations period does not appear to a concern; however, Plaintiff should be mindful to submit a complaint that states valid claims that indicate that his entitlement to relief is at least plausible. Because the court received Plaintiff's filing fee after this case had been dismissed, the court directs the clerk to return that money to Plaintiff.